N THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01465-LTB-CBS

EIGHTH DISTRICT ELECTRICAL PENSION FUND, *et al.,*

Plaintiffs,

v.

ELECTRICAL FORCES LLC,

Defendant.

**ORDER GRANTING APPLICATION FOR DEFAULT JUDGMENT**

This matter is before the Court on the application for default judgment pursuant to Fed.R.Civ.P. 55(b)(2) filed by Plaintiffs, the Eighth District Electrical Pension Fund, *et al*., against Defendant, Electrical Forces LLC. Having considered Plaintiffs' application, and Defendant having failed to answer or respond to the complaint or the application for default judgment, the Court enters default judgment in favor of Plaintiffs and against Defendant, orders Defendant promptly to submit to and cooperate in an audit conducted by the auditor for the Plaintiffs, and orders Defendant to take the other actions specified below. The Court makes the following findings:

# FINDINGS AND CONCLUSIONS

1. On July 11, 2007, Plaintiffs filed the Complaint pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* Plaintiffs are multi-employer benefit plans as defined in section 3(37)(A) and section 515 of ERISA, 29 U.S.C. § 1002(37)(A) and 1145.

2. Plaintiffs seek to compel Defendant, Electrical Forces LLC, to submit to and cooperate in an audit of its books and records to determine the amount of contributions for employee benefits that are due and owing to Plaintiffs. In addition, Plaintiffs seek an order requiring Defendant to pay the unpaid contributions determined by the auditor to be due.

3. The Court has subject matter jurisdiction pursuant to section 502(e) of ERISA, 29 U.S.C. § 1132(e), and has personal jurisdiction over Defendant pursuant to the same section of ERISA.

4. On July 13, 2007, the Summons and Complaint were served upon Thomas James Gaccetta, as Defendant's registered agent for service of process.

5. On August 27, 2007, Plaintiffs filed a Joint Motion to Hold Case in Abeyance Pending Settlement Negotiations.

6. On August 28, 2007, the Court entered a Minute Order, granting the Joint Motion to Hold Case in Abeyance Pending Settlement Negotiations.

7. The joint motion and the Court's order were based upon the agreement by Defendant to permit and cooperate in an audit to determine the amount of contributions owed by Defendant to the Funds for employee benefits.

8. On December 7, 2007, Plaintiffs filed a Motion to Discontinue Holding the Case in Abeyance and to Proceed with Litigation, because of Defendant's failure to cooperate in an audit.

9. On December 13, 2007, the Court entered a Minute Order requiring Defendant to respond by December 26, 2007, to Plaintiffs' Motion to Continue Holding Case in Abeyance and to Proceed with Litigation. Defendant did not respond to the Court's order.

10. As of this date, Defendant has failed to answer or respond to the Complaint or any other pleadings in this case.

11. Based upon the sworn affidavit of William C. Sanden, auditor for the Funds, attesting to his efforts to conduct an audit of Defendant, the Court finds that Defendant has failed and refused to submit to an audit as required by the collective bargaining agreement between Defendant and the International Brotherhood of Electrical Workers, Local 68, and the related trust agreements governing contributions to the Funds for employee benefits. Specifically, the Court finds:

    a. On November 27, 2006, the Funds' delinquency coordinator sent an audit letter to Tom Gaccetta, the registered agent for Electrical Forces, informing Mr. Gaccetta of the need to perform an audit. The audit was scheduled for December 11, 2006.

    b. A second audit letter was sent to Mr. Gaccetta on January 31, 2007, again informing him of the need to perform an audit and including instructions to mail in the required documents.

    c. On April 25, 2007, Mr. Sanden called Mr. Gaccetta regarding the need to perform an audit and left a message. He never received a response.

    d. On May 6, 2007, Mr. Sanden called Mr. Gaccetta again regarding the need to perform an audit and left a message. He never received a response.

e. On August 29, 2007, the Funds' delinquency coordinator sent a new letter to Mike Shea, attorney for Electrical Forces, regarding the need to perform an audit.

f. On September 12, 2007, Mr. Shea called and informed Mr. Sanden that the requested information would be mailed by September 21, 2007. Mr. Sanden never received that information.

g. On September 25, 2007, Mr. Sanden called Mr. Shea and left a message informing him that he would need all the requested information in order to start the audit. On the same day, Mr. Shea called to see if the information had been received. Mr. Sanden returned Mr. Shea's call on the same day and informed him that he had not received any information.

h. On October 2, 2007, Mr. Sanden called Mr. Shea and left a voice message, informing him again that he needed the information and had not received it.

i. On October 8, 2007, Mr. Sanden received a message from Mr. Shea stating that he would follow up with the employer. Mr. Sanden did not receive any of the requested information from either Mr. Shea or the employer.

j. Despite the above efforts by Plaintiff to obtain the information, books, and records from Electrical Forces that is necessary for an audit, Electrical Forces has not provided such information or cooperated in Plaintiffs' efforts to conduct an audit. As a result, Plaintiffs' auditor has been unable to perform an audit of the company to determine the amount of contributions owed by the company to the Funds for employee benefits.

12. Defendant's refusal to permit, and to cooperate in, an audit to determine the amount of contributions for employee benefits due and owing to Plaintiffs constitutes a breach of the

collective bargaining agreement and trust agreements in violation of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and Section 515 of ERISA, 29 U.S.C. § 1145.

13. Therefore, the Court grants Plaintiffs' application for default judgment against Defendant.

14. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides that in any action under this subchapter of ERISA to enforce section 1145, the Court shall award the multi-employer benefit plan: (a) the unpaid contributions; (b) interest on the unpaid contributions at the rate provided by the plan; (c) an amount equal to the greater of (i) interest on the unpaid contributions or (ii) liquidated damages in an amount not to exceed 20 percent of the amount of unpaid contributions; (d) reasonable attorney fees and costs of the action, to be paid by the defendant; and (e) such other legal and equitable relief as the Court deems appropriate.

15. Plaintiffs have shown that they are entitled, in accordance with 29 U.S.C. § 1132(g)(2) to an order directing Defendant to submit to and cooperate in audit of its books and records to determine the amount of contributions for employee benefits due and owing to Plaintiffs and to an order directing Defendant to pay the unpaid contributions determined by Plaintiffs' auditor to be due. Plaintiffs are also entitled to an order directing Defendant to pay interest on such unpaid contributions at the rate determined by the plan, to pay liquidated damages at the rate of 20 percent based on the amount of the unpaid contributions, and to pay Plaintiffs' reasonable attorney fees and costs incurred in this action to enforce Defendant's obligations under ERISA.

Accordingly, IT IS ORDERED that Defendant, Electrical Forces LLC, is directed to submit to and cooperate in an audit of its books and records, which includes Defendant's prompt provision of payroll records and other information as requested by Plaintiffs' auditor, and that Defendant is directed to do so with reasonable promptness and in any event within 20 calendar days of a request by Plaintiffs' auditor.

IT IS FURTHER ORDERED that Defendant shall pay the contributions determined by Plaintiffs' auditor to be due.

IT IS FURTHER ORDERED that Defendant shall pay interest at the rate determined by the plan on such unpaid contributions from the date they were initially due to the date on which Defendant pays the contributions to Plaintiffs, and that Defendant shall pay liquidated damages at the rate of 20 percent of the unpaid contributions.

IT IS FURTHER ORDERED that Defendant shall pay Plaintiffs' reasonable attorney fees and costs incurred in this action to enforce Defendant's obligations under ERISA. Within ten days after entry of this order, Plaintiffs shall submit a bill of costs in accordance with D.C.COLO.LCivR 54.1. Within 14 days after entry of this order, Plaintiffs shall submit a motion and affidavit for attorney fees to the Court in accordance with Fed.R.Civ.P. 54 and D.C.COLO.LCivR 54.3.

BY THE COURT

   s/Lewis T. Babcock
Lewis T. Babcock, Judge

Dated: December __17__, 2008.