IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01465-LTB-CBS

THE EIGHTH DISTRICT ELECTRICAL PENSION FUND,
THE EIGHTH DISTRICT ELECTRICAL PENSION FUND ANNUITY PLAN,
TRUSTEES OF EIGHTH DISTRICT ELECTRICAL PENSION FUND & ANNUITY PLAN,
THE EIGHTH DISTRICT ELECTRICAL BENEFIT TRUST FUND,
TRUSTEES OF EIGHTH DISTRICT ELECTRICAL BENEFIT TRUST FUND,
DENVER JOINT ELECTRICAL APPRENTICESHIP AND TRAINING COMMITTEE, and
TRUSTEES OF DENVER JOINT ELECTRICAL APPRENTICESHIP AND TRAINING
COMMITTEE,

      Plaintiffs / Judgment Creditors,

v.

ELECTRICAL FORCES LLC,

      Defendant / Judgment Debtor, and

THOMAS JAMES GACCETTA,
owner of Electrical Forces,

      Interested Party.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Craig B. Shaffer**

      Pursuant to the Order of Reference dated December 15, 2009 (*doc # 32*) and the Memorandum

dated June 24, 2010 (*doc # 42*), the Verified Motion for Order to Show Cause (*doc # 41*) filed by Plaintiffs

(The Eighth District Electrical Pension Fund, *et al.*) was referred to me as Magistrate Judge.  The court

granted Plaintiffs' Motion on July 1, 2010 (*doc # 43*) and issued its Order to Show Cause (*doc # 44*) the

same date.  On August 23, 2010, the court held a hearing on the Order to Show Cause (*doc # 46*).

Plaintiffs appeared through counsel.  Defendant Electrical Forces LLC did not appear through counsel, and

Thomas James Gaccetta, the owner of Electrical Forces LLC, was not present in person.  The court has

reviewed the above-referenced documents, the August 23, 2010 proceedings, the entire case file, and the

applicable law and is sufficiently advised in the premises.

## FINDINGS OF FACT

Pursuant to the requirements of 28 U.S.C. §636(e)(6)(B)(iii), I certify the following

relevant facts:

1.      The district court on December 29, 2008 entered default judgment in favor of Plaintiffs

and against Defendant, awarding Plaintiffs' attorneys' fees and costs.  (*Doc # 15*).  On December 30, 2008,

the district court granted Plaintiffs' Motion for Attorney Fees, noting that Defendant had not responded to

Plaintiffs' Motion.  (*Doc #* 17).  Upon motion by Plaintiffs, the District Court amended the default

judgment on July 28, 2009, ordering Defendant to pay Plaintiffs the total amount of $43,013.71,

comprising the $23,029.51 an auditor had determined due by the Defendant, $4,605.90 in liquidated

damages, $10,703.34 in accrued interest, $412.96 in awarded costs, and $4,262 in awarded attorneys' fees.

(*Doc # 26*).

2.      Plaintiffs filed a Motion to Compel Defendant to Answer Interrogatories and for Hearing

to Show Cause Why Defendant Should Not Be Held in Contempt (*doc # 27*) on October 21, 2009,

detailing Plaintiffs' service of interrogatories (*doc # 27-2*) on Defendant on September 8, 2009 pursuant to

FED. R. CIV. P. 69(2) and COLO. R. CIV. P. 69(d)(1) and noting Defendant's failure to respond.  Defendant

did not file a response to Plaintiffs' Motion.  Instead, Thomas James Gaccetta, the owner of Electrical

Forces LLC, as a pro se interested party filed a Motion to Set Aside Default Judgment (*doc # 28*) on

November 10, 2009 and a Motion to Quash (*doc # 29*) on November 25, 2009.  In his two Motions, Mr.

2

Gaccetta requested that the court set aside the default judgment, complained that Plaintiffs were harassing him, alleged that he had never been served, and claimed that Defendant was unable to pay the judgment amount. (*Doc #s 28, 29*).  Plaintiffs' Motion to Compel and Mr. Gaccetta's two Motions were referred to me in memoranda entered December 14, 2009 (*doc # 31*) and January 14, 2010 (*doc # 38*).

3.      In a January 26, 2010 motion hearing at which Mr. Gaccetta was present, the court denied his two Motions without prejudice.  (*Doc # 39*).  The court advised Mr.Gaccetta that a default judgment had entered against Defendant and that, as a layperson, he must obtain counsel to represent the Defendant company.  *Id.*  Although Mr. Gaccetta alleged that Defendant had never been served in the underlying case, counsel for Plaintiffs pointed out that Defendant had been served and received correspondence at its longstanding address of record, and that an attorney for Defendant had signed the Joint Motion to Stay and Hold Case in Abeyance Pending Settlement Negotiations (*doc # 3*) filed August 27, 2007.  The court granted Plaintiffs' Motion to Compel to the extent it required Defendant to answer the interrogatories within 30 days, and denied without prejudice the Motion to the extent it sought to hold Defendant and Mr. Gaccetta in contempt of court.  (*Doc # 39*).  Counsel for Plaintiff provided Mr. Gaccetta a copy of the interrogatories at the hearing.  *Id.*  A copy of the Courtroom Minutes/Minute Order was mailed the day of the hearing to Mr. Gaccettta at his address of record, 9180 West 74th Avenue, Arvada, CO 80005.  (*Doc # 40*).

4.      On June 23, 2010, Plaintiffs filed their Verified Motion for Order to Show Cause (*doc # 41*), in which counsel for Plaintiff, Michael J. Belo, detailed his repeated, unsuccessful attempts to obtain Defendant's responses to Plaintiffs' interrogatories (*doc # 41-2*).  Mr. Belo's affidavit describes five separate telephone conversations with Mr. Gaccetta between February 25, 2010 and April 28, 2010 (*doc # 41-2 at 2*).  Mr. Belo indicates that Mr. Gaccetta was well aware of the interrogatories and even claimed

3

in April of 2010 to have mailed responses that Mr. Belo never received. *Id.* Based on Mr. Gaccetta's pattern of conduct in evading the court's Order to respond to the interrogatories, Plaintiffs urged the court to find Defendant and Mr. Gaccetta in civil contempt of court and to impose sanctions upon them including a $500 per diem fine and/or incarceration of Mr. Gaccetta until he submits to an examination under oath before the Magistrate Judge or designee and responds, truthfully and completely, to the interrogatories. (*Doc # 41* at 5-6). Plaintiffs also requested the court to order Defendant and Mr. Gaccetta, jointly and severally, to compensate Plaintiffs for their attorneys' fees associated with Plaintiffs' Motion. *Id.* at 6.

5.      Plaintiffs' Motion for Order to Show Cause was referred to me on June 24, 2010. (*Doc # 42*). This court granted Plaintiffs' Motion on July 1, 2010 (*doc # 43*) and issued its Order to Show Cause (*doc # 44*) the same date. The Order to Show Cause notes that Mr. Gaccetta had actual knowledge of the court's January 29, 2010 Order requiring Mr. Gaccetta and Defendant to respond to the interrogatories. (*Doc # 44* at 3). In accordance with the Order to Show Cause, Plaintiffs filed their Return of Service of Order to Show Cause and Associated Documents on July 8, 2010 (*doc # 45*), declaring that service of the Order and Plaintiffs' Verified Motion on Defendant and Mr. Gaccetta was effected on July 7, 2010 by handing the documents to Mr. Gaccetta in person.

6.      The court held a Show Cause Hearing on August 23, 2010, at which Plaintiffs appeared through counsel, but neither Defendant nor Mr. Gaccetta appeared through counsel, and Mr. Gaccetta was not present in person. (*Doc # 46*).

# ANALYSIS

Courts have an inherent contempt authority "as a power 'necessary to the exercise of all others.'" *Int'l Union, United Mine Workers of Amer. v. Bagwell*, 512 U.S. 821, 831 (1994) (citing *United States v. Hudson*, 7 Cranch 32, 34, 3 L.Ed. 259 (1812)).   The necessity underlying a court's contempt powers traditionally justifies the relative breadth of these powers. *Id.; United States v. Riewe*, 676 F.2d 418, 421 (10th Cir. 1982) ("A district court has broad discretion in using its contempt powers to require adherence to court orders.").   Civil contempt is generally characterized as having a remedial, as opposed to punitive, objective. *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 441 (1911).   The paradigmatic civil contempt sanction is designed to coerce a contemnor to do an affirmative act required by a mandatory court order. *Id.* at 442*; Bagwell*, 512 U.S. at 828.   Contempt sanctions are civil and coercive rather than punitive where the contemnor is given the opportunity to purge the contempt by complying with the underlying order. *Bagwell* at 828.   Providing an option to purge means that the contemnor "carries the keys of his prison in his own pocket," so that he can end the penalty at any time by complying with the order. *Gompers*, 221 U.S. at 442 (quoting *In Re Nevitt*, 117 F. 448, 461 (8th Cir. 1902)).

An individual owner of a corporate entity may be held in contempt for the corporation's failure to comply with a court order, even where the individual was not a defendant in the underlying action. *Elec. Workers Pension Trust v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 382 (6th Cir. 2003) (holding that the owner of a small electrical services company may be held in contempt for the company's noncompliance with a court order even though not himself a defendant or named in the relevant portions of the order).   As the Supreme Court said a century ago:

> A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate

> duty, they, no less than the corporation itself, are guilty of disobedience, and
> may be punished for contempt.

*Wilson v. United States*, 221 U.S. 361, 376 (1911).  *Accord Connolly v. J.T. Ventures*, 851 F.2d 930, 935

(7th Cir. 1988) (citing *Wilson* in holding corporate officers in contempt and jointly and severally liable

with the corporation); *Parker v. United States*, 126 F.2d 370, 379 (1st Cir. 1942) (holding that corporate

officers may be jailed for civil contempt "merely as a means of forcing them to effect compliance by the

corporation").  Holding the individual in contempt does not require piercing the corporate veil or otherwise

disregarding the corporate form, because it does not make the individual personally liable in the underlying

action, but merely holds him personally responsible for his own deliberate disobedience of the court order.

*Elec. Workers*, 340 F.3d at 386.

A court may impose contempt sanctions through civil proceedings where the acts involved are

discrete and readily ascertainable and do not require extensive fact-finding, such as non-payment of a

judgment. *Bagwell*, 512 U.S. at 833.  The Due Process Clause requires that the defendant be given

reasonable notice and an opportunity to be heard, but the court "may proceed in a more summary fashion

than in an independent civil action."  *FTC v. Kuykendall*, 371 F.3d 745, 754, 756 (10th Cir. 2004) (internal

quotations and citations omitted).  A full evidentiary hearing is not required where there are no material

facts in dispute and neither party has requested a hearing.  *Hart's Rocky Mtn. Retreat, Inc. v. Gayhart*, No.

1:06-cv-01235-WDM-BNB, 2007 WL 2491856 at *1 (D. Colo. 2007) (citing *Wyoming v. Livingston*, 443

F.3d 1211, 1224 (10th Cir. 2006) and *United States v. Ayres*, 166 F.3d 991, 995 (9th Cir. 1999)).

A judicial finding of civil contempt requires the movant to prove, by clear and convincing

evidence, "that (1) that a valid court order existed, (2) that the defendant had knowledge of the order, and

(3) that the defendant disobeyed the order."  *Kuykendall*, 371 F.3d at 756-57 (quoting *Reliance Ins. Co. v.*

*Mast Constr. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998)).  Because a corporate officer is responsible for

the corporation's affairs and equally subject to the court order, the movant need only prove that the individual had knowledge of the order and that the corporate defendant did not comply to meet its burden of proof against the individual officer as well. *Elec. Workers*, 340 F.3d at 382.

Once the movant establishes a prima facie case, the burden shifts to the alleged contemnor to produce evidence at a show-cause hearing that he either did not violate the court order or was excused from complying. *Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir. 1998). A contemnor may be excused from complying by demonstrating his inability to comply, but satisfying this burden requires proof "beyond the mere assertion of an inability." *Id.* Instead, he must show that he has made "in good faith all reasonable efforts to comply." *Id. See Elec. Workers*, 340 F.3d at 383-84 (imposing a "clean hands" requirement that a corporate officer show he was not responsible for the corporation's inability to comply).

In this case, the requirements of the Due Process Clause have been fully satisfied by the proceedings to date, without the need for an evidentiary hearing. The issue here is the discrete and readily ascertainable question of whether Defendant and Mr. Gaccetta have complied with this court's January 26, 2010 Order (*doc # 29*) to respond to the interrogatories within 30 days. The record demonstrates that Defendant and Mr. Gaccetta have been given ample notice and opportunity to be heard. (*See Doc #s 34, 37, 39, 40, 45, 46.*) There are no material facts in dispute, and no party has requested an evidentiary hearing. *See Bagwell*, 512 U.S. at 833; *Kuykendall*, 371 F.3d at 754, 756; *Hart's Rocky Mtn. Retreat*, 2007 WL 2491856 at *1.

The court finds that Plaintiffs have established, by clear and convincing evidence, a prima facie case of civil contempt against both Defendant and Mr. Gaccetta. The January 26, 2010 Order is a valid court order. Defendant and Mr. Gaccetta clearly had actual knowledge of the Order, because (1) Mr. Gaccetta was present in open court when the Order was entered (*doc # 39*); (2) the Clerk of the Court

7

mailed a copy of the Order to Defendant's address of record (*doc # 40*); (3) Mr. Gaccetta had repeated telephone contact with Mr. Belo in which he indicated an awareness of the interrogatories and his obligation to respond (*doc # 41-2*); and (4) Plaintiffs effected personal service of the court's Order to Show Cause on Defendant by handing it to Mr. Gaccetta on July 7, 2010 (*doc # 45*). Despite this knowledge, Defendant and Mr. Gaccetta clearly have disobeyed the Order. The court noted in the August 23, 2010 Show Cause hearing that Mr. Gaccetta had not responded to the interrogatories (*doc # 46*). Nothing has been filed with the court as of the date of this Recommendation indicating Defendant's or Mr. Gaccetta's compliance with the January 26, 2010 Order.

A prima facie case of civil contempt having been established, the burden then shifted to Defendant and Mr. Gaccetta to prove at the August 23, 2010 Show Cause hearing that they either did not violate the Order or were excused from complying. Defendant Electrical Forces did not appear through counsel at the Show Cause hearing, and Mr. Gaccetta was not present in person, thereby foregoing the opportunity to meet that burden. (*Doc # 46*). Neither have Defendant or Mr. Gaccetta provided the court any evidence of compliance with the Order nor of a valid excuse for noncompliance.

It is worth noting here the distinction between the Defendant's ability to answer the interrogatories and its ability to pay the amount of the underlying judgment. Although Mr. Gaccetta's November 2009 Motions (*doc #s 28, 29*) assert without support that Defendant is unable to pay the judgment amount, Defendant has never demonstrated any good faith effort to answer the interrogatories, either before or after the court's January 26, 2010 Order. If indeed Defendant is unable to pay, the interrogatories provide the opportunity to prove that.

The court therefore finds that the clear and convincing evidence in this case supports a finding of civil contempt against Defendant and Mr. Gaccetta, as owner of Defendant. The court must then fashion

an appropriate sanction.  Where, as here, the goal is Defendant's compliance with the Order, "the court must consider 'the character and magnitude of the harm threatened by the continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired.'"  *O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F2d 1204, 1211 (10th Cir. 1992) (quoting *United States v. United Mine Workers of Amer.*, 330 U.S. 258, 304 (1947)).  The sanctions imposed "cannot be any greater than necessary to ensure such compliance."  *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991) (citing *Mercer v. Mitchell*, 908 F.2d 763, 768 n. 9 (11th Cir. 1990)).

Plaintiffs in their Verified Motion for Order to Show Cause have asked the court to impose a $500-per-day fine and/or incarceration, plus attorneys' fees, until Defendant and Mr. Gaccetta purge the contempt.  (*Doc # 41* at 5-6).  The requested sanctions are all within the traditional scope of coercive sanctions for civil contempt.  *See, e.g.*, *Bagwell*, 512 U.S. at 828-829; *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991).  They are also not out of proportion to the character and magnitude of the harm caused by Defendant's and Mr. Gaccetta's continued contempt.  Defendant was first served with the interrogatories in September 2009, and the court's Order to answer the interrogatories within 30 days was entered over a year ago.  Since then, Defendant and Mr. Gaccetta have demonstrated neither any good faith effort to answer the interrogatories nor inability to do so.  As the Supreme Court said in *Gompers*:

> If a party can make himself a judge of the validity of orders which have been issued, and by his own act of disobedience set them aside, then are the courts impotent, and what the Constitution now fittingly calls the "judicial power of the United States" would be a mere mockery.

221 U.S. at 450.

Typically, a coercive fine would appear to be a less severe sanction than incarceration, which "ordinarily should be employed only as a last resort."  *United States v. Conces*, 507 F.3d 1028, 1043 (6th

Cir. 2007).  However, a court imposing a coercive fine must "consider the amount of defendant's financial resources and the consequent seriousness of the burden to that particular defendant."  *United States v. United Mine Workers*, 330 U.S. at 304.

The record in this case suggests that a per diem fine would not be effective to coerce Defendant or Mr. Gaccetta to comply with the court's Order to respond to the interrogatories.  In fact, Mr. Gaccetta's pattern of conduct and the content of his two November 2009 Motions suggest that he may view Defendant's alleged inability to pay the underlying judgment amount as reason not to respond.  Although this court takes no position on Mr. Gaccetta's unsupported assertions about Defendant's financial position, the court finds little value in increasing a financial burden that Defendant has shown no inclination to pay, at least in part due to its size.  Instead, it appears that the only means to coerce Defendant into responding to the interrogatories is to present Mr. Gaccetta with a threat that seems more real to him, namely, incarceration.  Although severe, the court finds that no other sanction would coerce Defendant and Mr. Gaccetta into complying, and they could avoid the sanction altogether by the simple expedient of answering the interrogatories.

Accordingly, IT IS RECOMMENDED that:

1.      Defendant Electrical Forces, LLC, and Thomas James Gaccetta, as owner of Defendant, be found in civil contempt for (a) failing to comply with the court's January 26, 2010 Order to answer Plaintiffs' Interrogatories to Judgment Debtor and Request for Production of Documents Pursuant to Fed.R.Civ.P. 69 (*doc # 41-1*) and (b) failing to comply with the court's July 1, 2010 Order to Show Cause.

2.      A bench warrant issue for the United States Marshal to arrest Thomas James Gaccetta.

Mr. Gaccetta's last known address of record with the court is 9180 West 74th Avenue, Arvada, Colorado 80005.

3.      Thomas James Gaccetta be arrested and coercively incarcerated until he and Defendant purge themselves of contempt by complying with the court's January 26, 2010 Order and the court's July 1, 2010 Order to Show Cause and answering the interrogatories.

4.      Upon the arrest and coercive incarceration of Mr. Gaccetta, the court hold a prompt hearing to address his and Defendant's contempt.

5.      The court order Plaintiffs to notify the district court immediately if and when they or their counsel receive any response by Defendant or Mr. Gaccetta to the interrogatories, whether or not Plaintiffs find such response satisfactory.  Upon such notice of response, it is recommended that the court suspend any bench warrant issued for Mr. Gaccetta's arrest.  If there are any issues regarding the completeness or accuracy of such response, Plaintiffs may move the court for further action as appropriate.

6.      The court order that Plaintiffs may recover their reasonable attorneys' fees and costs associated with Plaintiffs' Motion to Compel Defendant to Answer Interrogatories and for Hearing to Show Cause Why Defendant Should Not Be Held in Contempt (*doc # 27*) and Verified Motion for Order to Show Cause (*doc # 41*) and the court's January 26, 2010 Motions Hearing and August 23, 2010 Show Cause Hearing.  Plaintiffs should submit a bill of costs supplying specific amounts and detail sufficient to demonstrate the reasonableness of their attorneys' fees and costs.


**Advisement to the Parties**

Within fourteen (14) days after service of a copy of this Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the

11

Clerk of the United States District Court for the District of Colorado.  28 U.S.C. §636(b)(1); FED. R. CIV. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  If a party wishes to preserve an issue in the Magistrate Judge's proposed findings and recommendations for the district court to review de novo, or preserve such an issue for later appeal, that party must file an objection that is both timely and specific. *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  A general objection that does not put the district court on notice of its basis will not preserve that objection for de novo review.  *See, e.g., Breedlove v. Costner*, No. 10-6043, 2010 WL 5173824, at *2 (10th Cir. 2010) (upholding reliance on the magistrate's findings where plaintiff failed to articulate specific objections, offering only conclusory and self-serving statements).  Failure to make timely objections may bar de novo review by the district court and will result in a waiver of the right to appeal a judgment of the district court that is based on the Magistrate Judge's proposed findings and recommendations.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999); *Int'l Surplus Lines Inc. Co. v. Wyoming Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992).  *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 28th day of March, 2011.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge